IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRIS PHARMA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-603 (GMS) |
| | ) | |
| ACTAVIS ELIZABETH LLC, TEVA | ) | |
| PHARMACEUTICALS USA, INC., and | ) | |
| TEVA PHARMACEUTICAL INDUSTRIES, | ) | |
| LTD. | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1.      Tris Pharma, Inc. ("Tris" or "Plaintiff"), for its First Amended Complaint against defendants Actavis Elizabeth LLC ("Actavis Elizabeth"), Teva Pharmaceuticals USA, Inc. ("Teva USA"), and Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") (collectively "Defendants"), hereby alleges as follows:

**NATURE OF THE ACTION**

2.      This is an action for patent infringement arising under the Patent and Food and Drug laws of the United States, Titles 35 and 21, United States Code.

3.      Defendants have been and are engaging in activities directed toward infringement of United States Patent No. 9,545,399 ("the '399 patent") by, *inter alia*, submitting an abbreviated new drug application designated ANDA No. 209134 seeking FDA approval to manufacture and commercially market their proposed product called "Methylphenidate Hydrochloride Extended-Release Chewable Tablets, 20 mg, 30 mg and 40 mg" (hereinafter referred to as "the ANDA Product") containing the active ingredient methylphenidate hydrochloride.

4.      In a letter dated March 10, 2017, entitled "Notification of Certification for U.S. Patent No. 9,545,399 Pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act" (hereinafter referred to as the "March 10 Notice Letter"), Actavis Elizabeth and Teva notified Tris that Actavis Elizabeth had filed ANDA No. 209134 and that it intends to manufacture and commercially market the ANDA Product (a generic version of QuilliChew ER®) before expiration of the '399 patent.

## THE PARTIES

5.      Plaintiff Tris is a company organized and existing under the laws of the State of New Jersey, having its principal place of business at 2033 Route 130, Suite D, Monmouth Junction, NJ 08852.

6.      Tris is engaged in the business of research, development, manufacture, and sale of pharmaceutical products for sale throughout the U.S.

7.      Defendant Actavis Elizabeth is a company organized and existing under the laws of the state of Delaware, having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey 07202.

8.      Teva Pharmaceuticals USA, Inc. is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 425 Privet Road, Horsham, Pennsylvania 19044.  Teva USA develops, manufactures, sells and/or distributes generic drugs, including in Delaware and including through its subsidiaries and agents, including Actavis Elizabeth.

9.      Teva Pharmaceutical Industries, Ltd. is an Israeli company with its principal place of business at 5 Basel Street, P.O. Box 3190, Petach Tikva, 49131, Israel.  Teva

Ltd. develops, manufactures, sells and/or distributes generic drugs, including in Delaware and including through its subsidiaries and agents, including Actavis Elizabeth and Teva USA.

10. Teva USA is a wholly-owned subsidiary of Teva Ltd.

11. Actavis Elizabeth is a wholly-owned indirect subsidiary of Teva USA and Teva Ltd.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

13. This Court has personal jurisdiction over Actavis Elizabeth. Actavis Elizabeth is a Delaware company. It is registered with the Delaware Department of State: Division of Corporations under file number 0875422 and maintains a registered agent for service of process in Delaware.

14. Actavis Elizabeth regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Actavis Elizabeth has continuous and systematic contacts with Delaware.

15. Actavis Elizabeth is in the business of manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the state of Delaware. Actavis Elizabeth directly or through its affiliates and agents develops, formulates, manufactures, markets, and/or sells pharmaceutical products, including generic drug products, throughout the United States and in this judicial district.

3

16.    Actavis Elizabeth holds an active Delaware pharmacy wholesale license (No. A4-0000069) and an active Delaware controlled substances distributor/manufacturer license (No. DS0751).

17.    Actavis Elizabeth has availed itself of this forum by consenting to personal jurisdiction and/or asserting counterclaims in other civil actions initiated in this jurisdiction, including but not limited to *Cephalon, Inc. v. Actavis LLC et al.*, 14-cv-122-GMS (D. Del. 2014) and *Janssen Pharms., Inc. v. Actavis Elizabeth LLC, et al.*, 13-cv-04507-CCC-JAD (D. Del. 2013).

18.    Actavis Elizabeth has purposefully availed itself of the privilege of conducting activities in Delaware and its conduct and connection with Delaware are such that it should reasonably anticipate being haled into court in the state.

19.    This Court has personal jurisdiction over Teva USA.  Teva USA is a Delaware company.  It is registered with the Delaware Department of State: Division of Corporations under file number 2053734 and maintains a registered agent for service of process in Delaware.

20.    Teva USA regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Teva USA has continuous and systematic contacts with Delaware.

21.    Teva USA is in the business of manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the state of Delaware.  Teva USA directly or through its affiliates and agents develops, formulates,

4

manufactures, markets, and/or sells pharmaceutical products, including generic drug products, throughout the United States and in this judicial district.

22.     Teva USA holds active Delaware pharmacy wholesale licenses (Nos. A4-0001468 and A4-0001447) and active Delaware controlled substances distributor/manufacturer license (Nos. DM-0007115 and DM-0006546).

23.     Teva USA has availed itself of this forum by initiating civil actions in this jurisdiction, including but not limited to *Teva Pharms. USA, Inc. et al. v. Biocon Ltd. et al.*, 16-cv-278-GMS (D. Del. 2016) and *Teva Pharms. USA, Inc. et al. v. Dr. Reddy's Labs., Ltd. et al.*, 15-cv-306-GMS (D. Del. 2015).

24.     Teva USA has purposefully availed itself of the privilege of conducting activities in Delaware and its conduct and connection with Delaware are such that it should reasonably anticipate being haled into court in the state.

25.     This Court has personal jurisdiction over Teva Ltd.  Teva Ltd. regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Teva Ltd. has continuous and systematic contacts with Delaware.

26.     Teva Ltd. is in the business of manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the state of Delaware.  Teva Ltd. directly or through its affiliates and agents develops, formulates, manufactures, markets, and/or sells pharmaceutical products, including generic drug products, throughout the United States and in this judicial district.

27.     Teva Ltd. has availed itself of this forum by initiating civil actions in this jurisdiction, including but not limited to *Teva Pharms. USA, Inc. et al. v. Biocon Ltd. et al.*,

16-cv-278-GMS (D. Del. 2016) and *Teva Pharms. USA, Inc. et al. v. Dr. Reddy's Labs., Ltd. et al.*, 15-cv-306-GMS (D. Del. 2015).

28.    Teva Ltd. has purposefully availed itself of the privilege of conducting activities in Delaware and its conduct and connection with Delaware are such that it should reasonably anticipate being haled into court in the state.

29.    Defendants collaborate to manufacture, import, market, distribute, and/or sell pharmaceutical products (including generic drug products) throughout the United States, including in the state of Delaware.

30.    Upon approval of ANDA No. 209134, Defendants and/or their affiliates or agents will market and sell the ANDA Product in Delaware and throughout the United States and will derive substantial revenue therefrom.  Upon approval of ANDA No. 209134, Actavis Elizabeth will sell the ANDA Product in the state of Delaware and throughout the United States, and Teva USA and Teva Ltd. will be involved in the manufacture, distribution, and/or marketing of the ANDA Product.

31.    Upon approval of ANDA No. 209134, Defendants and/or their affiliates or agents will place the ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such products will ultimately be purchased and used by consumers in this judicial district.

32.    This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, the above-mentioned facts.

### FIRST CLAIM FOR RELIEF: '399 PATENT

33.    Tris realleges paragraphs 1-32 above as if set forth specifically here.

34.     The '399 patent (copy attached as Exhibit A), entitled "Methylphenidate Extended Release Chewable Tablet," was issued on January 17, 2017 to Tris, upon assignment from the inventors Yu-Hsing Tu, Ashok Perumal, and Kalyan Kathala.  The '399 patent claims, *inter alia*, a methylphenidate extended release chewable tablet, and method of treatment using the tablet.

35.     Plaintiff Tris has been and still is the owner of the '399 patent.  The '399 patent will expire on August 14, 2033.

36.     In the March 10 Notice Letter, Actavis Elizabeth, an indirect wholly-owned subsidiary of Teva USA, notified Tris pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95 that Actavis Elizabeth submitted a patent amendment to ANDA No. 209134 under 21 U.S.C. § 355(j)(1) and (2)(A) that contains a Paragraph IV certification with respect to the '399 patent, and expressly identified these statutes and regulations.  These statutory sections require, *inter alia*, certification by the ANDA applicant that the subject patent, here the '399 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  21 U.S.C. § 355(j)(2)(A)(vii)(IV).  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)(6)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each

claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."

37.    At the time the March 10 Notice Letter was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 36 above.

38.    Defendants acknowledged and represented that the March 10 Notice Letter meets the statutory and regulatory requirements referred to in paragraph 36, above.

39.    In the March 10 Notice Letter, Defendants did not assert that the ANDA Product does not infringe claims 1-5, 9, 17-20 and 22-27 of the '399 patent because any claim limitation is missing from the ANDA Product.

40.    Defendants infringed one or more of the '399 patent claims under 35 U.S.C. § 271(e)(2) by filing ANDA 209134 and seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in the '399 patent prior to its expiration.

41.    Unless enjoined by this Court, Defendants will directly infringe the '399 patent (either literally or under the doctrine of equivalents), upon receiving FDA approval, by making, using, offering to sell, importing, and/or selling the ANDA Product in the United States in violation of 35 U.S.C. §§ 271(a).

42.    Unless enjoined by this Court, Defendants will induce the infringement of the '399 patent, upon receiving FDA approval, by actively and intentionally encouraging, aiding, and abetting the manufacture, offer for sale, sale, and use in the United States and/or import into the United States of the ANDA Product by others, including manufacturers, distributors, and/or consumers, with knowledge that such infringing acts are in contravention of Tris's rights under the '399 patent and in violation of 35 U.S.C. § 271(b).

8

43. Unless enjoined by this Court, Defendants will induce the infringement of the '399 patent by actively and intentionally encouraging, through its label, the infringing use of the ANDA Product in the United States, by others, including distributors, prescribers, and/or consumers, in contravention of Tris's rights under the '399 patent and in violation of 35 U.S.C. § 271(b).

44. Unless enjoined by this Court, Defendants will contribute to the infringement of the '399 patent by knowingly and intentionally selling materials and/or apparatuses, including chemical precursors of the ANDA Product or equipment for the manufacture of the ANDA Product to others, including manufacturers and distributors, where such materials and apparatuses are not staple articles or commodities of commerce suitable for non-infringing use, and are made or adapted especially for use in the manufacture, use, sale, or offer for sale of the ANDA Product in contravention of Tris's rights under the '399 patent in violation of 35 U.S.C. § 271(c).

45. Tris will be substantially and irreparably damaged and harmed if Defendants' infringement of the '399 patent is not enjoined.

46. Tris does not have an adequate remedy at law for Defendants' infringement of the '399 patent.

47. This case is an exceptional one, and Tris is entitled to an award of reasonable attorney's fees under 35 U.S.C. § 285.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) A judgment be entered that Defendants infringed the '399 patent by submitting ANDA 209134 to the FDA;

(b)    A judgment be entered declaring that the effective date of any approval of ANDA 209134 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) for the drug product "Methylphenidate HCl Extended Release Oral Suspension, CII" must be later than the expiration date of the '399 patent, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(c)    A declaration that the commercial manufacture, use, importation into the United States, sale, or offer for sale of the ANDA Product will directly infringe, induce and/or contribute to infringement of the '399 patent;

(d)    Preliminary and permanent injunctions be granted enjoining Defendants and their officers, agents, attorneys, and employees, and those acting in privity or concert with them from making, using, selling, offering to sell, or importing the ANDA Product until after the expiration of the '399 patent or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(e)    A permanent injunction be granted pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, their officers, agents, attorneys, and employees, and those acting in privity or concert with them from practicing any composition or method claimed in the '399 patent, or from actively inducing or contributing to the infringement of the '399 patent, until after the expiration of the '399 patent, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(f)    An award of damages be granted if Defendants engage in the commercial manufacture, use, importation into the United States, sale, or offer for sale of the ANDA Product prior to the expiration of the '399 patent, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

10

(g)    A judgment be entered declaring that the '399 patent remains valid, remains enforceable and has been infringed by Defendants;

(h)    A judgment be entered that Defendants' defenses and claims for relief with respect to the '399 patent are limited to those presented in the March 10 Notice Letter;

(i)    A judgment be entered that Defendants' conduct is exceptional;

(j)    An award of attorneys' fees be granted pursuant to 35 U.S.C. § 285;

(k)    An award of costs and expenses be granted in this action; and

(l)    Such other relief as this Court may deem proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

_____

Jack B. Blumenfeld (#1014)
Derek Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Errol B. Taylor
Fredrick M. Zullow
Anna Brook
Jordan P. Markham
Kyanna Lewis
MILBANK, TWEED, HADLEY & MCCLOY LLP
28 Liberty Street
New York, NY  10005-1413
(212) 530-5000

April 25, 2017

11
